IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KURT FUQUA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 00216 |
| | ) | |
| SVOX AG and SVOX USA, INC., | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons stated below, the motion to dismiss the Amended Complaint [38] is granted with prejudice, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Civil case terminated.

**STATEMENT**

Kurt Fuqua sued his former employer, SVOX AG and SVOX USA, Inc. (collectively "SVOX"), under the whistleblower provision of the Sarbanes–Oxley Act ("SOX"), 18 U.S.C. § 1514A, alleging retaliation for whistleblowing regarding an intellectual property assignment clause to which he was asked to assent and which he believed to violate state and federal law. The Court granted the defendants' motion to dismiss the initial complaint without prejudice. Mem. Op. and Order ("Mem. Op."), ECF No. 32. Fuqua filed an amended complaint, and the defendants again move to dismiss. Mt. Dismiss, ECF No. 38. Because the Amended Complaint does not correct the deficiencies identified in the Opinion dismissing the original Complaint, the defendants' motion to dismiss the Amended Complaint is granted with prejudice.

The background of this case and the numerous related proceedings have been discussed at length in this Court's prior Opinion. *See* Mem. Op. 1-4.[1] To briefly summarize the facts:[2] In

---

[1] In their original motion to dismiss, the defendants argued that the Court lacked subject matter jurisdiction over Fuqua's Complaint, which they characterized as an appeal from the Department of Labor's action on the first OSHA complaint that Fuqua filed. The Court rejected that argument because the Department had not yet taken final action on the OSHA complaint by issuing a decision of its Administrative Review Board. *See* Mem. Op. 6-9. Subsequently, on August 27, 2014, the ARB closed the first OSHA case (Case No. 14-014) based on Fuqua's invocation of this Court's jurisdiction at a point after the 180-day period permitted for agency action had expired without final agency action. *See* ARB Final Order Closing Case 14-014. The ARB subsequently concluded that Fuqua's second OSHA complaint (Case No. 14-069) was substantively the same as his first, and that it had therefore also lost jurisdiction to this Court as to the second OSHA complaint when Fuqua filed his first Complaint. *See* ARB Final Order Closing Case 14-069. Accordingly, the Department of Labor never took final action on either of

2009, Fuqua signed an employment contract with SVOX which did not contain a clause requiring him to assign any inventions or intellectual property to the company. In June 2009, SVOX asked Fuqua to sign a new employment agreement with an intellectual property assignment clause as a condition of continued employment. According to Fuqua, the clause constitutes a scheme on the defendants' part to misappropriate intellectual property and trade secrets and to defraud various other parties in violation of state and federal law. Fuqua voiced his concerns about the legality of the assignment clause to SVOX management, declined to sign the agreement, and was subsequently terminated. He alleges that the day after he disclosed his concerns about the assignment clause, SVOX began to misappropriate his intellectual property and that it continues to do so today.

In its prior opinion, this Court held that Fuqua's claims based on the defendants' retaliatory misappropriation of his intellectual property were not barred by the statute of limitations in the SOX, but the Court dismissed the Complaint because Fuqua failed to allege that he engaged in protected activity. Although he alleged that he voiced concerns about a "scheme" to misappropriate trade secrets and identified 18 U.S.C. §§ 1341 (mail fraud) and 1343 (wire fraud) as the provisions he believed implicated the SOX, he had not identified why his belief that the scheme violated those provisions was objectively reasonable:

> Fuqua supplies no allegations that, if true, would plausibly establish a scheme to defraud, much less that would meet the heightened pleading standards applicable to claims of fraud under Rule 9(b). *See Massuda v. Panda Exp., Inc.*, No. 13-2818, --- F.3d ---, 2014 WL 3566419, at *5 (7th Cir. July 21, 2014). Fuqua's pleadings establish only that SVOX decided to impose a condition on employment, namely the assignment of intellectual property rights. SVOX did not conceal that condition; rather, it included it in an employment agreement and notified Fuqua (an at-will employee) that assent to the condition was required in order to continue his employment. There is no allegation that SVOX falsely represented the meaning or import of the assignment clause; to the contrary, Fuqua claims that he saw the import of the inventions clause all too clearly. What Fuqua describes in his complaint is,

---

Fuqua's complaints—so this case cannot properly be characterized as an appeal of such action—and this Court's jurisdiction to consider Fuqua's claims is therefore not in question. The defendants have not renewed their jurisdictional challenge.

[2] On a motion to dismiss, the Court "accept[s] well-pleaded facts as true, and draw[s] all inferences in [the plaintiff's] favor." *Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The Court does not, however, "accept as true any legal assertions or recital of the elements of a cause of action supported by mere conclusory statements." *Id.* (internal quotation marks omitted). The Amended Complaint is, for the most part, identical to the original complaint, but includes approximately 19 additional paragraphs. *Compare* Compl., *with* Am. Compl. ¶¶ 12-29, 71-72.

2

> perhaps, a heavy-handed contract negotiation, but it is not a scheme to defraud.

Mem. Op. 15; *see Robinson v. U.S. Dep't of Labor*, 406 F. App'x 69, 72 (7th Cir. 2010) ("To establish that she engaged in protected activity, [an employee] must show that she had an objectively reasonable belief that the conduct that she complained of constituted fraud as described in 18 U.S.C. § 1514A(a)(1)."); *see also Welch v. Chao*, 536 F.3d 269, 275 (4th Cir. 2008). The Court further explained that Fuqua's expressions of concern of injury to other companies' shareholders was insufficient to invoke the catch-all shareholder fraud category under the SOX: "'To have an objectively reasonable belief that there has been shareholder fraud, the complaining employee's theory of such fraud must at least approximate the basic elements of a claim of securities fraud,' which typically include a material misrepresentation or omission, scienter, loss, and a causal connection." Mem. Op. 16 (quoting *Riddle v. First Tennessee Bank, Nat. Ass'n*, 497 F. App'x 588, 595 (6th Cir. 2012)). The original Complaint, however, did not identify any misrepresentations or omissions, nor could the defendants have defrauded any shareholders as they did not yet have any investors at the time of the alleged scheme. *See* Mem. Op. 16.

Fuqua filed an Amended Complaint with approximately 19 new (and a few modified) paragraphs. Because he has failed to remedy the defects previously identified—namely, making a plausible showing that he engaged in protected activity—the Amended Complaint fares no better than the original.[3] The bulk of the additional allegations pertain to the initiation of Fuqua's employment relationship with SVOX. *See* Am. Compl. ¶¶ 13-23. He asserts a new scheme, whereby the defendants enticed him to accept employment by concealing SVOX's plans to enter the speech recognition business (SVOX formerly operated only in the speech synthesis business), knowing that Fuqua had created and licensed speech recognition inventions in the past and that non-assignment of inventions was significant to him. Am. Compl. ¶¶ 13, 15, 17. These allegations do not constitute a violation of 18 U.S.C. §§ 1341, 1343, 1344, or 1348, any regulation of the Securities and Exchange Commission, or any federal law relating to fraud against shareholders, and, therefore, do not fall under Section 806 of the SOX. *See* 18 U.S.C. § 1514A(a)(1) (providing whistleblower protection for employees of publicly traded companies). As the Court previously explained: "Theft of trade secrets and inducement of others to share such secrets, even if it may be unlawful, is not *per se* fraudulent or deceptive and Fuqua's allegations, again, fail to describe a scheme to defraud." Mem. Op. 15-16.

Fuqua now alleges that he believed SVOX's adoption of the inventions assignment clause violated § 1344 (bank fraud) because one of the companies whose intellectual property SVOX was attempting to obtain was BMO Financial Group. Am. Compl. ¶¶ 71-72. But Fuqua's Amended Complaint no more alleges a scheme to defraud BMO than it does a scheme to defraud any other company. What Fuqua alleges is an effort to steal property of the bank that he (Fuqua) possessed; in that regard, he is the equivalent of an armored truck carrying the bank's cash. When robbers hold up the driver and take the cash, they commit theft, not fraud. So, too, SVOX

---

[3] The Court previously held that SVOX was a covered entity under the Sarbanes-Oxley Act. *See* Mem. Op. 9-12. Because Fuqua has failed to state a claim, the Court will not address SVOX's renewed argument that it is not a covered entity. *See* Mem. in Supp. 13-15.

in attempting to coerce Fuqua into surrendering the bank's property entrusted to him (assuming, again, the truth of Fuqua's fact allegations for purposes of this motion).

None of Fuqua's new allegations changes the fact that the inventions assignment clause is simply not a misrepresentation but a contractual condition. Fuqua does not allege that he or anyone else was deceived about the meaning or import of the inventions assignment clause, nor does he allege that he was tricked into signing it—and, indeed, he ***didn't*** sign it because he understood it. Fuqua maintains that SVOX wanted the inventions assignment clause because it wanted to steal confidential third-party information but that intent—assuming it existed—does not amount to fraud. And because it is not fraud at all, much less a species of fraud identified in the SOX anti-retaliation provision, blowing the whistle on it does not constitute protected activity under SOX. The SOX whistleblower provision "serves to 'encourage and protect [employees] who report fraudulent activity that can damage innocent investors in publicly traded companies." *Day v. Staples, Inc.*, 555 F.3d 42, 52 (1st Cir. 2009) (quoting S. Rep. No. 107-146, at 19 (2002)). Even construing SVOX's adoption of an inventions assignment contract provision in the nefarious light in which Fuqua portrays it, a company's plans to steal trade secrets and intellectual property from another is not the sort of conduct that implicates the specific concerns of the SOX whistleblower provisions. Without an objective (as well as subjective) basis to assert that a fraud had been committed, Fuqua cannot state a plausible retaliation claim under SOX.

\*     \*     \*

Fuqua's Amended Complaint fails to allege that he engaged in protected activity and his general allegations that the assignment clause would have resulted in the violation of some law does not provide a basis from which the Court could conclude that Fuqua could have reasonably believed it violated any of the laws necessary to state a Sarbanes–Oxley whistleblower claim. The motion to dismiss the Amended Complaint is, therefore, granted with prejudice, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

Dated: May 24, 2016

John J. Tharp, Jr.
United States District Judge